## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**DERRICK D'KEITH AKINS**                                                              **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 3:08CV-P586-R**

**CANDACE AMBER KILFOILE** *et al.*                                     **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Derrick D'Keith Akins, acting without the assistance of counsel, filed this 42 U.S.C. § 1983 case against Defendants Candace Amber Kilfoile, Detective Mark Gillingham, and the Kentucky State Police, Post 4.  The complaint is before the Court for initial screening under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons explained below, the Court will dismiss the complaint for failure to state a claim upon which relief can be granted.

### I.  SUMMARY OF CLAIMS

Plaintiff is a state inmate currently incarcerated at the Northpoint Training Center.  He explains the basis of his claims as follows:

> On or about April 9 and 10, 2007, Mrs. Kilfoile provided a ride to me to visit my mother in Louisville, Kentucky . . . She alleges that I pulled out a gun on her and demanded her to drive to a deserted subdivision under construction.  She then did allege that I kidnapped her at gunpoint for close to three (3) hours.  Then she further alleged that I told her that if she didn't have sex with me that someone was going to get hurt!  She further alleged that I forced her to drive to 1331 Deckard School Road where I allegedly raped her at gunpoint.  All this was a gross misrepresentation of the turn of events and in order to protect her marriage, she provided a false police report subjecting me to the stigma and expense of a legal battle.  Detective Mark Gillingham of the Kentucky State Police, Post 4 held an interview with me on April 16, 2007.  I informed him that there were several other individuals in the house where the alleged rape occurred.  I provided him the names and addresses of the others.  Det. Gillingham has not interviewed any of the individuals that I provided to him.  I informed him that me and Mrs. Kilfoile spoke on her cell phone for over forty-five (45) minutes, after the alleged rape. Her cellphone records were also never checked.  Det. Gillingham and I spoke about taking a Lie Detector Test many times and I was willing and actually requested that I take the test.  He refused to provide me the test.  He also was the primary reason the sexual assault evidence (rape kit)

was not completely processed.  I requested a second interview with Det. Gillingham and spoke to him on April 18, 2007.  I informed him of the same information that was previously provided to him.  I asked him if he investigated any of the information that I had provided to him.  He stated that he looked into my and Mrs. Kilfoile's criminal histories only.  He said she has a few speeding tickets, but my history and a red flag stands out.

(DN 1).  Plaintiff is seeking $250,000.00 in compensatory damages and punitive damages in an amount to be determined by a jury.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. The United States Supreme Court has identified two elements in a *prima facie* § 1983 claim:  (1) a deprivation of a federal right; and (2) that the person who deprived the plaintiff of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.      Defendant Kilfoile

Defendant Kilfoile is a private citizen. She is not employed by the state. Only when private citizens act in concert with state officials may they be subjected to liability under 42 U.S.C. § 1983. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). In order to state a claim based on the existence of a conspiracy under §1983, a plaintiff must plead "with some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff has not offered any factual support or evidence upon which a conspiracy between Defendant Kilfoile and the

police could be based.  To the contrary, Plaintiff suggests in his complaint that Defendant

Kilfoile submitted the false police report "to protect her marriage."  There is no suggestion in

Plaintiff's complaint that Defendant Kilfoile was working in concert with the police to deprive

Plaintiff of his constitutional rights.  Moreover, "the mere furnishing of information by a private

party to a law enforcement official, even if the information is false, is not sufficient to constitute

joint activity with State officials in prohibited action or to state a claim against a private party

under § 1983."  *Young v. Arkansas Children's Hospital*, 721 F. Supp. 197, 198 (E.D. Ark. 1989);

*see also Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) ("Police reliance in making an

arrest on information given by a private party does not make the private party a state actor.").

Thus, because Defendant Kilfoile is a private actor, Plaintiff may not maintain a cause of action

under § 1983 against her.

**B.      Defendant Detective Mark Gillingham**

       **1.      Official capacity claim**

Plaintiff's official capacity claim for damages against Defendant Gillingham will be

dismissed on two bases.  First, Defendant Gillingham, as a state official and employee sued in

his official capacity for damages, is absolutely immune from § 1983 liability under the Eleventh

Amendment to the United States Constitution.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58,

71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar

remains in effect when State officials are sued for damages in their official capacity.").  Second,

Defendant Gillingham is not a "person" subject to suit within the meaning of § 1983 when sued

in his official capacity for monetary damages.  *Id.* (concluding that a state, its agencies, and its

officials sued in their official capacities for monetary damages are not considered persons for the

purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

4

Consequently, Plaintiff's § 1983 official capacity claim for damages against Defendant Gillingham must be dismissed.

### 2.    Individual capacity claims

The constitution does not require law enforcement officers to pursue every investigatory lead before arresting a suspect. "Once probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused." *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999). "A policeman . . . is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause." *Criss v. Kent*, 867 F.2d 259, 263 (6th Cir. 1988); *see also Romero v. Fay*, 45 F.3d 1472, 1478 (10th Cir. 1995) (holding that defendant officer did not violate plaintiff's rights by failing to investigate plaintiff's alleged alibi witnesses before arresting him for murder). Defendant Gillinghman was not required to interview the witnesses identified by Plaintiff or allow Plaintiff to take a lie detector test. The victim's report was enough to support a probable cause determination to arrest. After his arrest, it was up to Plaintiff and his counsel to establish his innocence. The police are not required to attempt to discover exculpatory evidence to support a criminal defendant's case. Because Plaintiff cannot make out a violation of federal law based on the facts alleged against Defendant Gillingham, the Court will dismiss his § 1983 claim.

### C.    The Kentucky State Police, Post 4

A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the Kentucky State Police, Post 4 is not a "person" under the Act, the Court will

dismiss the claims against it for failure to state a claim upon which relief may be granted.  *See Banks v. Ky. State Police*, 57 F. App'x 242, 243 (6th Cir. 2003).

**D.**     **State Law Claims**

The Court expresses no opinion on whether Plaintiff might have valid state law causes of action against Defendants and specifically declines to exercise supplemental jurisdiction over any state law causes of action asserted in Plaintiff's complaint.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)  if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Consistent with this Memorandum Opinion, the Court will enter a separate Order of Dismissal.

Date:

cc:     Plaintiff, *pro se*

4413.008